UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: MICHAEL EDWARD CAIN and
LEANNE GRACE CAIN,

No. 19-12418-j7

Debtors.

RALPH PRIZLER,

Plaintiff,

v.

Adversary No. 22-1003-j

MICHAEL E. CAIN,

Defendant.

## MEMORANDUM OPINION

Defendant, Michael E. Cain (Cain), by and through his attorney of record, R. Trey Arvizu, III, requests the Court to a) enter summary judgment in his favor determining that the alleged debt at issue in this removed legal malpractice action constitutes a pre-petition debt discharged in Cain and his spouse's bankruptcy case, and b) dismiss this adversary proceeding with prejudice.[1] We understand from the Motion that Cain is asking the Court to dismiss this adversary proceeding with prejudice so as to prelude Plaintiff, Ralph Prizler (Prizler), from asserting any claims against Cain alleging a) that he holds non-dischargeable claims against Cain because Cain in his representation of Prizler engaged in any conduct of the type specified in § 523(a)(2), (4), or (6),[2] or b) that any of Prizler's claims against Cain were not discharged in Cain's chapter 7 bankruptcy case. The parties filed Stipulated Facts (Doc. 7) upon which Cain

---

[1] *See* Motion for Summary Judgment (Doc. 11) and Memorandum Brief in Support of Defendant's Motion for Summary Judgment (Doc. 12) (together, the "Motion").
[2] All future references to "Code," "Section," and "§" are to Title 11 of the United Sates Code unless otherwise indicated.

bases his request for summary judgment. Cain also filed two supporting affidavits.[3] Prizler did not respond to the Motion. For the reasons explained below, the Court will deny the Motion.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a), made applicable to adversary proceedings by Rule 7056, Fed.R.Bankr.P. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . .[must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment" when determining whether summary judgment should be granted. *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995) (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990)).

A party's failure to respond to a motion for summary judgment does not entitle the movant to summary judgment by default. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002) ("Summary judgment is not proper merely because [the opposing party] failed to file a response."). The Court must evaluate the motion for summary judgment on the merits to determine whether the moving party has "met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Id.* at 1195. If the moving party has not met its initial burden, summary judgment will be denied. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (if the moving party has not met its

---

[3] *See* Affidavit of Michael E. Cain ("Cain Affidavit" – Doc. 13); Supplemental Affidavit of Michael E. Cain ("Supplemental Affidavit" – Doc. 15).

2

burden under Rule 56, the moving party is not entitled to judgment even if the opposing party has not defended the motion because "[n]o defense to an insufficient showing is required." (quoting 6 J. Moore, Federal Practice 56.22(2), pp. 2824-2825 (2d ed. 1966))).

STIPULATED FACTS

The parties stipulated to the following facts:[4]

1. Prizler was involved in an auto accident in Las Cruces, New Mexico, on December 4, 2015.

2. Prizler retained Cain to represent him in June of 2016, six months after the auto accident.

3. The statute of limitations on Prizler's claim [arising from the auto accident] (the "Accident Claim") expired December 4, 2018.

4. Cain filed a complaint on the Accident Claim (the "Accident Complaint") on December 4, 2018, the day the statute of limitations on the Accident Claim was to expire.

5. The Accident Complaint was denied by the [state] court for having the wrong county listed. Cain re-filed the Accident Complaint on December 5, 2018, one day after the statute of limitations on the Accident Claim expired.

6. Prizler alleges Cain neglected his case, failed to file the Accident Complaint before the statute of limitations expired and failed to timely serve the defendant with the Accident Complaint which led the state court judge dismissing the case on February 25, 2020.

7. Cain's conduct that gives rise to Prizler's alleged malpractice claims [alleged in the state complaint filed in this removed adversary proceeding prior to removal] occurred "on or before November 18, 2019."

---

[4] The Stipulated Facts are taken from the Stipulated Facts, with some minor re-phrasing (Doc. 7).

3

8. Cain and his spouse filed for protection under chapter 13 of the United States Bankruptcy Code on October 22, 2019, as cause number 19-12418-j13 [now, 19-12418-j7].

9. Cain filed a Notice of Conversion to Chapter 7 on November 18, 2019.

10. On February 24, 2020, the Bankruptcy Court entered an Order of Discharge and a Final Decree closing the Chapter 7 case.

The Stipulated Facts includes the following disputed fact: Prizler contends he did not become aware of the possible malpractice claim against Cain until the state court dismissed the Accident Complaint on February 25, 2020. Cain disputes that contention.

## ADDITIONAL FACTS[5] NOT SUBJECT TO GENUINE DISPUTE AND PROCEDURAL HISTORY

Cain did not schedule Prizler as a creditor in his bankruptcy schedules filed with the petition.[6] Cain did not add Prizler as a creditor following conversion of his bankruptcy case to Chapter 7.[7] The Chapter 7 Trustee filed a report of no distribution and abandonment of assets on December 12, 2019, reporting "that there is no property available for distribution [to creditors] from the estate over and above that exempted by law."[8]

---

[5] The additional facts are taken from the documents Cain and his spouse filed in their bankruptcy case, of which the Court takes judicial notice. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (10th Cir. 1979) ("[A] . . . court may utilize the doctrines underlying judicial notice in hearing a motion for summary judgment . . . . [and] take judicial notice, whether requested or not . . . of its own records and files . . . . particularly . . . the court's own records of prior litigation closely related to the case before it.") (citations omitted), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001). Further, facts contained in documents Cain signed under penalty of perjury and filed in his bankruptcy case constitute admissions. *See In re Keen,* No. 13-71705, 2014 WL 6871867, at *8 n.6 (Bankr. W.D. Va. Dec. 3, 2014) ("[I]t is well established that statements contained in the schedules of a bankruptcy debtor can constitute binding admissions of the factual matters set forth in the schedules, especially when they have not been amended."); *In re Morreale*, No. 13-27310 TBM, 2015 WL 3897796, at *8 (Bankr. D. Colo. June 22, 2015) ("Statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions." (quoting *In re Bohrer,* 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001))).
[6] *See* Case No. 19-12418-j7 – Doc. 1.
[7] *See* docket of Case No. 19-12418-j7.
[8] *See* Case No. 19-12418-j7 – Doc. 32. *See also* Cain Affidavit, ¶ 4.

4

Prizler filed a Complaint for Legal Malpractice (the "Malpractice Action") against Cain on May 28, 2021.[9] Cain removed the Malpractice Action, initiating this Adversary Proceeding, on February 15, 2022.[10] Cain filed a motion and notice in the Malpractice Action on August 21, 2021, seeking to dismiss the Malpractice Action based on the alleged prior discharge of Prizler's claims ("Motion to Dismiss Malpractice Claim").[11] The Motion to Dismiss Malpractice Claim was pending at the time Cain removed the Malpractice Action to this Court.[12]

DISCUSSION

Cain asserts that he did not schedule or list Prizler as a creditor in his bankruptcy case because he was unaware at the time he and his spouse converted their chapter 13 bankruptcy case to chapter 7 that Prizler would later file the Malpractice Action against him in 2021.[13] Even though Prizler was not scheduled or listed as a creditor in the bankruptcy case and did not receive notice of the bankruptcy case, Cain contends that Prizler's malpractice claims alleged in his state court complaint ("Prizler's Claim") is a pre-petition claim that was discharged in Cain's no-asset Chapter 7 bankruptcy case as a matter of law. To rule on Cain's request for summary judgment, the Court must determine whether the facts not subject to genuine dispute establish that Prizler's Claim is a pre-petition claim subject to discharge. The Court will also consider the effect of Cain's failure to list or schedule Prizler in his bankruptcy case on the issue of whether Prizler's Claim has been discharged.

---

[9] *See* Doc. 1, pp. 6 – 8.
[10] *See* Doc. 1, p. 4 (Docket from Malpractice Action).
[11] *See* Doc. 1, pp. 33 – 37.
[12] *See* Doc. 1, p. 4.
[13] *See* Cain Affidavit, ¶ 8.

5

A. Whether Prizler's Claim is a pre-petition claim

In chapter 7 cases, claims that arise on or after the date of the order for relief are post-petition claims not subject to discharge. *See* § 727(b). For cases that convert from chapter 13 to chapter 7, claims that arise after conversion are not discharged. *See* § 348(d). Prizler contends that he did not become aware of his potential malpractice claim until February 25, 2020, when the state court dismissed the Accident Complaint.[14] February 25, 2020 is the day after Cain and his spouse received their chapter 7 discharge. Thus, if Prizler's Claim did not arise until February 25, 2020, Prizler's Claim would not be subject to discharge.

Under New Mexico state law, a legal malpractice claim accrues when "(1) the client sustains actual injury and (2) the client discovers, or through reasonable diligence should discover, the facts essential to the cause of action." *Sharts v. Natelson*, 1994-NMSC-114, ¶ 11, 118 N.M. 721, 724, 885 P.2d 642, 645. However, state law does not control when a claim arises for bankruptcy discharge purposes. To determine whether a claim is a pre-petition claim for bankruptcy discharge purposes, the Court applies the "conduct theory, which determines the date of a claim by the date of the conduct giving rise to the claim" rather than "an accrual theory, which determines the date of a claim pursuant to the state law under which liability for the claim arose." *In re Parker*, 313 F.3d 1267, 1269 (10th Cir. 2002).[15]

The parties stipulated that 1) the statute of limitations for the Accident Claim expired on December 4, 2018; 2) Cain re-filed the Accident Complaint on December 5, 2018, one day after the statute of limitations expired; 3) Prizler alleges that Cain failed to file the Accident Case

---

[14] *See* Doc. 7, Disputed Fact.

[15] *Parker* involved a claim for legal malpractice and held that because the date of the alleged malpractice occurred before the filing of debtor's bankruptcy petition, it was a pre-petition claim. *Parker*, 313 F.3d at 1270. *See also In re Marshall*, 302 B.R. 711, 715 (Bankr. D. Kan. 2003) ("Under the conduct theory, a claim arises at the time of the debtor's conduct that gives rise to the claim.").

6

before the statute of limitations expired; and 4) the conduct that gave rise to Prizler's Claim occurred "on or before" the date Cain and his spouse converted their chapter 13 bankruptcy case to chapter 7.[16] The expiration of the statute of limitations for the Accident Claim and the re-filing of the Accident Complaint on December 5, 2018 occurred well before Cain and his spouse filed their voluntary petition under chapter 13 of the bankruptcy case. However, the parties' Stipulated Facts include a stipulation that the conduct giving rise to Prizler's Claim occurred "on or before" November 18, 2019, the date Cain and his spouse converted their chapter 13 case to chapter 7.

For cases converted from chapter 13 to chapter 7, "[a] claim against the estate or the debtor that arises after the order for relief but before conversion" from chapter 13 to chapter 7 is "treated for all purposes as if the claim had arisen immediately before the date of the filing of the petition." § 348(d). The stipulated facts do not conclusively establish whether all of the conduct giving rise to Prizler's Claim occurred prior to conversion because the parties stipulated only that the conduct that gave rise to Prizler's Claim occurred "on or before" November 18, 2019. If the conduct underlying Prizler's Claim occurred **on** but after the case was converted, rather than **before** conversion, Prizler's Claim would not be treated as a pre-petition claim under § 348(d). Consequently, Prizler's Claim would constitute a post-petition claim that would not be subject to discharge. Because the Stipulated Facts do not conclusively establish that the conduct underlying Prizler's Claim all occurred prior to conversion, Cain is not entitled to summary judgment based on Cain's contention that the Prizler's Claim constitutes a pre-petition claim subject to discharge.

   B.  The effect of Cain's failure to schedule or list Prizler on whether Prizler's Claim was discharged in Cain's bankruptcy case

Cain did not schedule or list Prizler in his bankruptcy schedules or mailing list. Consequently, Prizler did not receive notice of the bankruptcy case or of the deadline to file a

---

[16] Stipulated Facts, ¶¶ 3, 5, 6, and second 6 (the Stipulated Facts contain two paragraphs numbered 6).

complaint objecting to discharge or to the dischargeability of a particular debt. Under § 523(a)(3), a chapter 7 discharge

> does not discharge an individual debtor from any debt—
>
> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
>> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>>
>> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subjection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

§ 523(a)(3)(A) and (B).

In a no asset chapter 7 case, an omitted creditor is not prevented from timely filing a proof of claim because there are no assets available from which creditors who timely file proofs of claim might receive a distribution. Consequently, the debts arising from such omitted creditors with pre-petition claims are nevertheless discharged, provided the claims are not the type of non-dischargeable claims described in § 523(a)(2), (4), or (6). As explained by the Tenth Circuit Bankruptcy Appellate Panel,

> Pursuant to 727(b), the Debtor receives a discharge from all debts that arose before the date of the order for relief under Chapter 7, regardless of whether a proof of claim based on any such debt or liability is filed, unless an exception in 523(a) applies. Under § 523(a)(3)(A), a claim will not be discharged if it was neither listed nor scheduled and the creditor did not have notice or actual knowledge of the case so that the creditor could timely file a claim. Here the bankruptcy court correctly found that § 523(a)(3)(A) does not apply because the Debtor's Chapter 7 case was a no asset case with no claims bar date set; therefore, [creditor] had suffered no prejudice because [creditor] will have an opportunity to file a claim if any assets are discovered. Because 523(a)(3)(A) does not apply, unless [creditor] can establish that the claim was nondischargeable under one of the exceptions referenced in § 523(a)(3)(B), her Claim was discharged by operation of law under § 727(b).

8

*In re Parker*, 264 B.R. 685, 694-95 (10th Cir. BAP 2001), *aff'd,* 313 F.3d 1267 (10th Cir. 2002).[17]

The Chapter 7 Trustee appointed in Cain and his spouse's bankruptcy case filed a Report of No Distribution, stating there was no non-exempt property available for distribution to creditors.[18] No deadline for creditors to file proofs of claim was fixed. Under *Parker*, Prizler's Claim (assuming it constitutes a pre-petition claim) would be discharged, unless any of the exceptions referenced in § 523(a)(3)(B) apply, despite Cain's failure to schedule or list Prizler in his bankruptcy schedules and mailing list because Prizler was not prevented from timely filing a proof of claim. Thus under § 523(a)(3)(A), Prizler's Claim would nevertheless be discharged, provided Prizler's Claim is not otherwise non-dischargeable under § 523(a)(2), (4), or (6).

However, under § 523(a)(3)(B), a creditor's claim that is neither listed nor scheduled will not be discharged if the creditor was not afforded an opportunity to 1) file a proof of claim *and* 2) timely request a dischargeability determination undeFr § 523(a)(2), (4), or (6). *See In re Beezley*, 994 F.2d 1433, 1435-36 (9th Cir. 1993) (O'Scannlain, J., concurring) ("[F]or creditors holding intentional tort claims, the salient rights are not only to file a claim [*see* § 523(a)(3)(A)] but also to secure an adjudication of nondischargeability. Thus, section 523(a)(3)(B) excepts intentional tort debts from discharge . . . if the creditor did not know about the case in time to file such a complaint (even if it was able to file a timely proof of claim).").

Until there has been a non-dischargeability determination under § 523(a)(2), (4), or (6), the claim held by an omitted creditor, without notice or actual knowledge of the bankruptcy, with

---

[17] *See also OSF Healthcare Sys., Inc. v. Davis (In re Davis*, No. 04-80068, 2009 WL 302221, at *2 (Bankr. C.D. Ill. Feb. 5, 2009) (In chapter 7 cases, "[p]repetition debts owed to owed to omitted creditors are discharged notwithstanding the omission, unless assets were administered or the debt is non-dischargeable under Section 523(a)(2), (4) or (6)." (citing *Judd v. Wolfe*, 78 F.3d 110 (3rd Cir. 1996))).
[18] *See* Case No. 19-12418-j7, Doc. 32.

a potential non-dischargeability claim under § 523(a)(2) (false pretenses, false representation, fraud), § 523(a)(4) ("fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny") or § 523(a)(6) ("willful and malicious injury"), will not be discharged under § 727(b) when the individual debtor receives a chapter 7 discharge.

The Stipulated Facts do not establish that Prizler's claim is not of the type that is non-dischargeable under § 523(a)(2), (4), or (6);[19] nor do the Stipulated Facts establish that Prizler had notice or actual knowledge of Cain's bankruptcy case in time to file a non-dischargeability action. There has been no determination of non-dischargeability of Prizler's claim under § 523(a)(2), (4), or (6) by any court.[20] For these reasons, the Court cannot determine based on the pending Motion whether Prizler's Claim (even if it is a pre-petition claim) was of a kind specified in § 523(a)(2), (4), or (6) that was not discharged under § 727(b). *See* § 523(a)(3)(B).

---

[19] Granted, legal malpractice claims are ordinarily premised on negligence rather than on an intentional tort; consequently a claim for legal malpractice generally will not sustain a claim for non-dischargeability under § 523(a)(2), (4), or (6). *See Parker*, 264 B.R. at 699–701 (determining that creditor with legal malpractice claim did not demonstrate that the claim met the standards for non-dischargeability under § 523(a)(2) (lack of evidence that debtor made any false representations with intent to deceive the creditor); § 523(a)(4) (attorney-client relationship alone is insufficient to establish fiduciary relationship); or § 523(a)(6) (no evidence that the debtor intended to injure creditor or creditor's property)); *Burris v. Burris (In re Burris)*, 598 B.R. 315, 336 (Bankr. W.D. Okla. 2019) ("[M]any debts arising from an attorney's misconduct and/or legal malpractice are dischargeable because negligently or recklessly inflicted injuries are not within the scope of Section 523(a)(6).").

Cain points out that Prizler has not returned to this Court seeking to reopen Cain's bankruptcy case for the purpose of filing a non-dischargeability complaint despite Cain filing the Motion to Dismiss Malpractice Claim in the Malpractice Action on August 2, 2021, asserting that Prizler's Claim has been discharged. *See* Cain Affidavit, ¶11. But the fact that Prizler has yet to file a non-dischargeability complaint against Cain does not establish that Prizler has had sufficient notice and an opportunity to do so. Cain, if he wishes, may seek a declaratory judgment that the alleged debt is not of a kind specified in § 523(a)(2), (4), or (6).

[20] *See Schouten v. Jakubiak (In re Jakubiak)*, 591 B.R. 364, (Bankr. E.D. Wis. 2018) ("[T]o determine whether an unscheduled debt is excepted from discharge under § 523(a)(3)(B), a court must adjudicate whether the debt is of a type excepted from discharge by § 523(a)(2), (4), or (6)." (citing *In re Guseck*, 310 B.R. 400, 405 (Bankr. E.D. Wis. 2004))); *In re Padilla*, 84 B.R. 194, 197 (Bankr. D. Colo. 1987) (observing that, under § 523(a)(3)(B), the "Court will not know which type of debt it is unless . . . the omitted creditor is given an opportunity to prove that the debt falls under §§ 523(a)(2), (4), or (6).").

10

Based on the foregoing, the Court will deny the Motion. The Court will enter a separate order consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: January 27, 2023

COPY TO:

Robert Turner
Attorney for Prizler
900 S. Platinum
Deming, NM 88030

R Trey Arvizu, III
Attorney for Michael Cain
R. Trey Arvizu III - Attorney
715 E Idaho Ave, Ste 3f
Las Cruces, NM 88001